IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | | |
|---|---|---|---|
| **CENTRAL PRODUCTS, LLC** | ) | | |
| | ) | | |
| Plaintiff, | ) | No.: | 1:22-CV-02121-JDB-jay |
| | ) | | |
| v. | ) | | |
| | ) | | |
| **SCF, LLC** | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Central Products, LLC's ("Plaintiff") Motion for Default Judgment. (D.E. 13.) On April 1, 2022, the Clerk entered default as to Defendant SCF, LLC ("Defendant"). (D.E. 12.) This Motion has been referred to the Magistrate Judge for report and recommendation. (D.E. 14.) Defendant has not responded to this Motion. Plaintiff states that Defendants have failed to answer or otherwise defend this action. In support, Plaintiff attached an affidavit of Scott Bullock, Senior National Contract Manager for Plaintiff. (D.E. 13-1.)

### I. DEFAULT JUDGMENT STANDARD

Federal Rule of Civil Procedure 55(b)(2) governs default judgment. *See* Fed. R. Civ. P. 55(b). "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the complaint, except those relating to damages." *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 878 (S.D. Ohio 2007) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than

one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Unlike factual allegations, "legal conclusions are not deemed admitted as a result of the entry of default." *Krowtoh II LLC v. Excelsius Int'l Ltd.*, 2007 WL 5023591, at *3 (E.D. Ky. Dec. 17, 2007) (citations omitted). If the factual allegations provide a sufficient legal basis, the Court will enter a default judgment and conduct an inquiry to determine damages and other relief. *See Coach, Inc. v. Cellular Planet*, 2010 U.S. Dist. LEXIS 45087, at *7, 2010 WL 1853424 (S.D. Ohio May 7, 2010) (citing *Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003)). "A hearing is not necessary when determining appropriate relief does not require a court to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence or investigate any other matter." *See Certain Underwriters at Lloyd's, London v. Alkabsh*, 2011 WL 938407, at *8 (W.D. Tenn. Mar. 15, 2011.) Thus, "if the damages sought by the plaintiff are a sum certain or a sum that can be made certain by computation, judgment will generally be entered for that amount without an evidentiary hearing." *RehabCare Group East, Inc. v. Oask Manor Health Care Center, Inc.*, No. 1:17-cv-01216-JBD-egb, 2018 U.S. Dist. LEXIS 166616, at *2 (W.D. Tenn. Aug. 31, 2018).

## II.     PROPOSED FINDINGS OF FACT

Between June 6, 2021, and December 17, 2021, Plaintiff issued fifteen separate purchase orders with Defendant ("Purchase Orders") to fulfill Plaintiff's contracts with its customers. (Compl. ¶ 8, D.E. 1, PageID 2.) Plaintiff sells kitchen equipment and appliances to several customers in the food service industry, including a variety of schools, recreation centers, and hospitals. (*Id.* ¶ 6.) Defendant manufactures custom kitchen equipment and appliances. (*Id.* ¶ 7.) Under the Purchase Orders, Plaintiff agreed to pay a deposit for each order, totaling $319,643.44, and paid immediately. (*Id.* ¶ 10.) The Purchase Orders stated that Defendant is

required to deliver certain orders by specific dates, and Defendant accepted all of the Purchase Orders. (*Id.* ¶¶ 11-12.) On or around February 2, 2022, Defendant failed to deliver certain items as required by some of the Purchase Orders, a representation by Defendant which Plaintiff relied upon to fulfill. (*Id.* ¶¶ 13-14.)

Throughout February 2022, Plaintiff requested confirmation from Defendant that Defendant would fulfill the breached Purchase Orders and the remaining Purchase Orders. (*Id.* ¶ 15.) However, Defendant never responded to Plaintiff's request and never reconfirmed that it would fulfill the Purchase Orders. (*Id.* ¶ 16.) On February 18, 2022, Plaintiff sent Defendant a formal demand for adequate assurance of performance by February 22, 2022, and Defendant has yet to provide any response or adequate assurance. (*Id.* ¶¶ 17-18.) Thus, Defendant failed to deliver any items under the Purchase Orders or provide sufficient adequate assurance of performance. (*Id.* ¶ 19.) To avoid defaulting on Plaintiff's contacts with its customers, Plaintiff must purchase the same items through a different vendor. (*Id.* ¶ 20.) In total, as of February 22, 2022, Defendant owes Central at least $319,634.44, plus cover costs and expenses under the Purchase Orders, including all deposits already paid to Defendant by Plaintiff. (*Id.* ¶ 21.)

### III.    PROPOSED CONCLUSIONS

Here, Plaintiff filed its Complaint on February 25, 2022, against Defendant, alleging that Plaintiff breached its contract by failing to perform obligations under the Purchase Orders. (D.E. 1.) Defendant was served on March 8, 2022. (D.E. 10.) The Clerk entered a default for Defendant because it did not file a responsive pleading. (D.E. 12.) Plaintiff seeks damages that are a sum certain provided by an affidavit from Scott Bullock ("Bullock"), Senior National Contract Manager for Plaintiff. (D.E. 13 & 13-1.) Within the affidavit, Bullock provides the amount under the Purchase Orders that Plaintiff paid, including deposit payments, as well as the

difference in cost for Plaintiff to re-purchase the products through different vendors to fulfill obligations with its customers ("cover costs"). Finally, Bullock includes a chart reflecting Plaintiff's total cover costs and deposit amounts paid for each Purchase Order.

Therefore, because the amount sought can be ascertained, the Magistrate Judge does not find a hearing to determine damages to be necessary. Based on this information, the Magistrate Judge recommends that the District Court enter a judgment in favor of Plaintiff in the amount of $368,733.44 plus post judgment interest pursuant to Fed. R. Civ. Pro. 55.

## IV.   RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that Plaintiff's Motion for Default Judgment be **GRANTED**.

Respectfully submitted on this 14th day of June, 2022.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**